AARON B. COHU, Appellant, *v.* JOSEPH HUSSON, Respondent.

Where the proof establishing the existence of a valid claim against an estate was clear and uncontradicted, *held*, the exclusion of evidence that in a conversation between the executor and the holder of the claim in reference to a claim of the estate against him, nothing was said by him as to his claim, was not error justifying a reversal.

(Argued December 12, 1889 ; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made August 30, 1889, which affirmed a judgment in favor of defendant, entered upon a verdict.

This action was brought upon certain promissory notes executed by defendant. The answer set up as a counter-claim a note executed by Henry S. Cohu, plaintiff's testator, the amount of which exceeded those held by plaintiff. Plaintiff claimed that said note held by defendant was an accommodation note given without consideration. It appeared that the parties exchanged notes ; that Cohn indorsed and procured the note executed by defendant in exchange for the one set up as a counter-claim to be discounted ; that he allowed it to go to protest, and thereupon the defendant paid it. The trial court denied a verdict for defendant.

The following is an extract from the opinion :

" The witness was asked if Husson ever proved any claim against the estate of Henry S. Cohu. That was the very thing Husson was trying to do in the pending action, and whether he attempted it at any earlier time was immaterial. But another question was asked and excluded, about which there may be some room for doubt. That was, did Husson *ever* make any pretense or claim any indebtedness in his favor from Henry S. Cohu or his estate ? A truthful answer to that question could only have been given in the affirmative, for it is beyond controversy that Husson did so claim when he filed his answer in the pending suit. Probably what was meant by the question was whether such claim was made by Husson in the talk about the Ripley notes. But the witness had already detailed that conversation and presumably the whole of it, and stated no such claim. Conceding, therefore, that the omission in

that conversation was proved, the only further inquiry is whether the fact was of sufficient importance as the case stood to require a submission to the jury. If the issue had been whether on the whole dealing between these parties Husson owed Cohu; or the reverse, the omission of the former to make a claim would have been quite pertinent. But that was not the issue. It was simply if the note counter-claimed was void in its inception. Husson may very well have assumed that if he paid the Ripley notes, which it was his duty to pay, and which he promised to pay, that the Cohu estate would pay the notes which it was its duty to pay, and so the exchanges be balanced and no claim exist on either hand. In the face of the clear and uncontradicted proof of a full consideration for the note set up in the answer, I do not think a verdict to the contrary founded on the failure of Husson to make his own claim in the conversation with the executor could be permitted to stand. The inferences from it are too ambiguous and equivocal to countervail the direct and positive proof of a consideration in fact existing. In a previous contest between these parties (113 N. Y. 662), the proof now given was notably absent, and the case rested so far upon inferences and presumptions as to make the silence of Husson in the conversation with the executor a serious fact to which we gave some weight. But on this trial the consideration of defendant's counter-claim is not left to depend upon presumptions, but is so fully proved as to make Husson's silence of very little consequence, and to suggest an explanation consistent with the proof. Indeed, such silence might tend to show a satisfaction of the demand, as was said in *Bean* v. *Tonnele* (94 N. Y. 381), but not where payment is neither pleaded nor pretended, and on the sole issue of valuable consideration or none, it has scarcely an appreciable effect as against direct and positive proof.

"The judgment should be affirmed, with costs."

*Abram Kling* for appellant.

*William R. Wilder* for respondent.

Finch, J., reads for affirmance.
All concur.
Judgment affirmed.